IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
SOUTHERN DIVISION

INTERNATIONAL UNION, UNITED
AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT
WORKERS OF AMERICA AND
 ITS LOCAL 3000.                                                                Case no.
                    Plaintiffs,

v.

S'DROL METALS, INC.                                                         Demand for Jury Trial

                    Defendant

# COMPLAINT

## Nature of Case

1. The Plaintiffs, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and its Local 3000 (the "UAW"), brings this action to remedy the Defendant's, S'Drol Metals, Inc. (the "Company"), failure to honor its obligation to remit dues to the UAW in accordance with the terms of the Collective Bargaining Agreement.

2. Count I is brought by the UAW under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, for breach of contract by the Company for failing to remit dues to the UAW.

3. Count II is brought by the UAW under Michigan Compiled Law ("MCL") Section 600.2919a for statutory conversion against the Company for retaining dues dollars owed to the UAW for the Company's own use.

4. Count III is brought by the UAW under common-law in the State of Michigan for the tort of conversion against the Company for retaining dues dollars that are owed to the UAW.

## Jurisdiction and Venue

5. This Court has jurisdiction over Count I pursuant to 29 U.S.C. §185 and 28 U.S.C. §1331 and over Counts II and III pursuant to 28 U.S.C. §1367(a) for the state-law claims related to the breach of the Collective Bargaining Agreement.

6. Venue lies in this District pursuant to 29 U.S.C. §185 and 28 U.S.C. §1391(b).

## Parties

7. Plaintiffs are labor organizations representing employees of an employer in an industry affecting commerce under 29 U.S.C. §185.

8. The offices of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America are at 8000 East Jefferson Ave., Detroit, MI 48214.

9. The offices of Local 3000 are located at 22693 Van Horn Rd., Woodhaven, MI 48183.

10. The Defendant Company is a Michigan Corporation that employed various individuals represented by Plaintiffs.

11. The Company is an employer in an industry affecting commerce under 29 U.S.C. §185.

12. The Company's registered offices are located at 27777 Franklin Road, Suite 2500, Southfield, MI 48034.

13. At all relevant times, the UAW represented a bargaining unit of all full-time and regular part-time production and hourly maintenance employees employed by the Company at their plant at 36211 S Huron Rd., New Boston, MI 48164.

## Facts

14. The term of the Collective Bargaining Agreement between the UAW and the Company is from May 13, 2022, until March 22, 2026.

15. The Company sold the business at the New Boston site and stopped operating there on or around October 1, 2022.

16. The Collective Bargaining Agreement has a provision for dues checkoff and deduction from paychecks that are to be remitted to the UAW pursuant to

Article 3 Section 1:

The Employer will deduct current membership dues and Initiation Fees uniformly required by the Union from the pay of employees. The initial deduction from the pay of an employee signing a new authorization shall be from the first pay period following the 31st calendar day of employment. All dues deduction will be deducted on the second pay period of the month. Dues deduction applies to actual wages or the equivalent of wages in any month (i.e. employee on leave who receives vacation pay in lieu of vacation, holiday pay, jury duty pay, bereavement pay, and paid absence allowance would owe dues on that amount received). Anyone missed during the normal dues deduction because they are on vacation, etc., will have the dues deducted on the following month as a 'catch up'...

All sums deducted shall be remitted to the Financial Secretary of the Local Union not later than the 5th day of the following month dues were withdrawn.

17. Bargaining unit employees performed work for the Company at its New Boston facility during July, August, and September of 2022.

18. Upon information and belief, for the months of July, August, and September of 2022 dues were deducted from bargaining unit employees' paychecks without being remitted to the UAW.

19. No dues were remitted to the UAW for the months of July, August, and September of 2022.

20. The UAW sent a letter to the Company dated September 30, 2022, by certified mail seeking these funds.

21. The Company did not respond.

### Claim for Relief
### Count I

(Breach of Contract, Under 29 U.S.C. §185)

22. The allegations in Paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

23. The Collective Bargaining Agreement is a "contract[ ] between an employer and a labor organization representing employees in an industry affecting commerce" within the meaning of LMRA §301, 29 U.S.C. §185.

24. The Company violated Article 3, Section 1 of the Collective Bargaining Agreement by failing to remit dues to the UAW not later than the 5th of the following month for the month of July in 2022.

25. The Company violated Article 3, Section 1 of the Collective Bargaining Agreement by failing to remit dues to the UAW not later than the 5th of the following month for the month of August in 2022.

26. The Company violated Article 3, Section 1 of the Collective Bargaining Agreement by failing to remit dues to the UAW not later than the 5th of the following month for the month of September in 2022.

## Count II

(Conversion, Under MCL §600.2919a)

27. The allegations in Paragraphs 1 through 26 are re-alleged and incorporated herein by reference.

28. The Company converted to its own use dues dollars it was supposed to remit to the UAW.

29. The dues are the property of the UAW.

30. The Company, by failing to remit those dues to the UAW, kept that property for its own use.

32. The UAW has suffered financial losses as a result of the Company's wrongful dominion over the dues dollars.

33. The UAW is entitled to damages which include but are not limited to the monies that were not remitted, including interest, and the trebling of these damages pursuant to MCL §600.2919a.

## Count III

(Common-Law Conversion)

34. The allegations in Paragraphs 1 through 33 are re-alleged and incorporated herein by reference.

35. The Company converted dues dollars it was supposed to remit to the UAW and took wrongful dominion over them.

36. The dues are the property of the UAW.

37. The UAW has suffered financial losses as a result of the Company's wrongful dominion over the dues dollars.

38. The UAW is entitled to damages which include but are not limited to the monies that were not remitted, including interest.

## Prayer for Relief

WHEREFORE, the UAW respectfully requests that this Court:

(1) Find and declare the Company in breach of its Collective Bargaining Agreement by failing to remit dues to the UAW for the months of July, August, and September in the year 2022,

(2) Order the Company to remit those dues to the UAW,

(3) Order the Company to pay treble damages to the UAW for conversion of its property pursuant to state law and,

(4) Order such other and further relief as this Count may deem appropriate.

## Jury Demand

Plaintiffs request a jury trial of all issues so triable.

Respectfully Submitted,

/s/ Zachery Adams

ZACHERY ADAMS (P78640)
Attorney for Plaintiffs
Associate General Counsel
International Union, UAW
8000 East Jefferson Avenue
Detroit, MI 48214
Phone: (313) 926-5216
zadams@uaw.net

Dated: August 15, 2023